# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 18-813V
### Filed: July 1, 2022
PUBLISHED

| | |
|---|---|
| JAMES CLARK, | Special Master Horner |
|         Petitioner, | |
| v. | Shoulder Injury Related to Vaccine Administration ("SIRVA"); Motion to Redact Decision |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
|         Respondent. | |

*Caryn Fennell, Caryn S. Fennell P.C., Woodstock GA, for petitioner.*
*Nancy Tinch, U.S. Department of Justice, Washington, DC, for respondent.*

## ORDER ON MOTION TO REDACT[1]

On June 8, 2018, petitioner, James Clark, filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10-34 (2012),[2] alleging that his receipt of a Hepatitis B vaccination on February 17, 2017, caused a left shoulder injury. (ECF No. 1.) On February 7, 2022, a decision issued dismissing the petition. (ECF No. 61.) Petitioner now moves to redact that decision. For the reasons discussed below, petitioner's motion is **DENIED**.

## I.    Legal Standard

Vaccine Rule 18(b) effectuates the opportunity for objection contemplated by Section 12(d)(4) of the Vaccine Act, which provides in relevant part that "[a] decision of a special master or the court in a proceeding shall be disclosed, except that if the

---

[1] Because this order contains a reasoned explanation for the special master's action in this case, it will be posted on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. *See* 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the order will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information the disclosure of which would constitute an unwarranted invasion of privacy. If the special master, upon review, agrees that the identified material fits within this definition, it will be redacted from public access.

[2] All references to "§ 300aa" below refer to the relevant section of the Vaccine Act at 42 U.S.C. § 300aa-10-34.

decision is to include information . . . (ii) which are medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of privacy, and if the person who submitted such information objects to such information in the decision, the decision shall be disclosed without such information.  42 U.S.C. § 300aa-12(d)(4)(B).  The U.S. Court of Appeals for the Federal Circuit has not had occasion to interpret this section of the Vaccine Act.  There are, instead, two competing methods of interpretation endorsed by different decisions in the lower courts.  *See Langland v. Sec'y of Health & Human Servs.*, No. 07-36V, 2011 WL 802695 (Fed. Cl. Spec. Mstr. Feb. 3, 2011); *W.C. v. Sec'y of Health & Human Servs.*, 100 Fed. Cl. 440 (2011).

In *Langland*, the Chief Special Master examined a redaction request pursuant to Section 12(d)(4)(B) in the context of the common law traditions regarding redaction and public access, the E-Government Act, and other provisions of the Vaccine Act favoring public disclosure.  2011 WL 802695, at *6-8.  The Chief Special Master concluded that "the party seeking to seal a document faces a burden to show particularized harm outweighing the public interest in disclosure. This common law background informs the correct construction of the language in section 12(d)(4)(B)(ii), and militates against routine redaction of all sensitive medical information from special masters' decisions." *Id*. at *8.  Upon review of the redaction request at issue, the Chief Special Master concluded that the request was unsupported and only a redaction of the petitioner's minor child's name to initials and redaction of the child's birthdate was appropriate.  *Id*. at * 11.

However, the Chief Special Master also observed that:

> One may readily conceive of medical information in a vaccine case that might be redacted by a special master, upon receiving a proper motion in accordance with Vaccine Rule 18(b), as meeting the "clearly unwarranted" criterion. Facts involving sexual misconduct or dysfunction, family medical history not pertinent to the vaccinee's claim, unrelated mental illness, or medical conditions inherently likely to bring opprobrium upon the sufferer, might well be redacted upon a proper motion. Such redaction decisions can only be reached on a case-by-case basis.

*Id*. at *9.

Subsequently, in *W.C.*, the Court of Federal Claims reviewed a redaction request in the context of the Freedom of Information Act (FOIA), which the court observed to employ language similar to Section 12(d)(4)(B) of the Vaccine Act.  100 Fed. Cl. 440.  The court focused on the idea that petitioner's request "must be weighed against the government's interest in public disclosure." *Id*. at 461.  Focusing specifically on the identity of the petitioner, the court observed that it is petitioner's medical history and adverse vaccine reaction, and not petitioner's own specific identify, that the public has an interest in seeing disclosed. *Id*.  *W.C.* has been interpreted as providing a more lenient standard for redaction as compared to *Langland*.  *See, e.g.*, *K.L. v. Sec'y of Health & Human Servs.*, 123 Fed. Cl. 497, 507 (2015) (noting that the Special Master

below "argued that even when a Special Master follows the lenient standard for redaction set forth in *W.C.*, requests for redaction have been denied because they failed to substantiate the basis for the request."). Nonetheless, special masters do not abuse their discretion by requiring petitioners to affirmatively demonstrate that redaction is justified. (*Id*. at 507-08 (finding that the special master's requirement that petitioner provide "sufficient cause to justify redaction" is not contrary to the Vaccine Act or prior precedent and explaining that "[e]ach Special Master must review every case and exercise his or her discretion, given the specific facts presented in that particular case.")

## II.    Party Contentions

In his motion, petitioner provided no discussion of the relevant legal standard. (ECF No. 62.)  However, citing Vaccine Rule 18(b), petitioner requested the following redactions:

- Redaction of petitioner's name within the caption to initials to protect his own identify; and

- Redaction of petitioner's wife's name within the body of the decision to protect her identity; and

- Redaction of "any mentions of any genetic testing, degenerative genetic condition, or diagnoses related to genetic conditions." Petitioner requests this redaction for his own privacy as well as his children's, given that they may also be at risk of the same genetic condition.

(*Id*. at 1-2.)

Petitioner asserts without further explanation that release of this information "would constitute an unwarranted invasion of privacy and would reveal information about other medical conditions of the Petitioner that would be harmful to him or his family." (*Id*. at 2.)  Accompanying petitioner's motion is a copy of the decision dismissing this case demonstrating his proposed redactions with blacked out text.  (ECF No. 62-1.)

In response to petitioner's motion, respondent provided a recitation of the relevant case law, namely a comparison of the above-discussed *Langland* and *W.C.* cases.  (ECF No. 63, pp. 1-4.)  However, citing the language of the Vaccine Act indicating that decision of special masters "shall be disclosed" (42 U.S.C. § 300aa-12(d)(4)(B)), respondent stresses that "when petitioners file petitions requesting compensation under the Act, they do so with knowledge that the Act calls for decisions addressing the merits of the petitions, which will necessarily contain their medical information and will be made available to the public." (*Id*. at 4.)  Respondent continues:

Congress's requirement that decisions of special masters "shall be disclosed" is evidence that Congress recognized the public's interest in understanding the bases for the special masters' adjudication of the merits

of these claims. Respondent likewise acknowledges that there is a privacy interest inherent in all medical information. Yet, the Vaccine Act's use of the term "clearly unwarranted invasion of privacy" to define which information is suitable for redaction requires a petitioner to show some additional privacy interest to justify redaction of a decision. Without such a showing, redaction is not appropriate.

(*Id*.)

Nonetheless, respondent "defers to the sound discretion of the Special Master to determine which remedy strikes the appropriate balance between the public and private interests in this instance." (*Id*. at 5.)  "Respondent does not believe it is appropriate to advocate in favor of disclosure of petitioner's information in any particular case, including this one, but rather defers to the Special Master's judgment as to whether petitioner's Motion should be granted . . ." (*Id*.)  Respondent does contend, however, that "[t]here is also a significant Program interest in not having every case caption reduced to initials.  This would make the administration of the Program unmanageable, because the parties and Court rely on citing precedent that is readily accessible and suitably differentiated from other cases in briefing and arguments." (*Id*.)

Petitioner filed no reply.

## III.    Discussion

The decision petitioner wishes to redact dismisses his claim that he suffered a left shoulder injury related to vaccine administration or "SIRVA."  (ECF No. 61.)   In order to resolve the question of entitlement, the decision examined both the Table Injury of SIRVA and an additional cause-in-fact claim asserted in the alternative.  With regard to the Table SIRVA claim, the decision examined the four criteria set forth in the Qualifications and Aids to Interpretation ("QAI").  Pertinent to this motion, the decision resolved that petitioner could not demonstrate the fourth QAI Table SIRVA criterion, because he suffered other conditions that could explain his symptoms.  Specifically, the decision concluded that petitioner suffered ankylosing spondylitis, complications from a prior shoulder replacement, and cervical spine degeneration.  (*Id*. at 31-33.)  A specific genetic neuromuscular condition identified in petitioner's medical history was also part of the expert opinions in the case but was not explicitly addressed in the analysis resolving the case.[3]  However, petitioner's requested redactions encompass both the fact of the genetic test results as well as references to spinal degeneration that do not explicitly implicate the genetic condition. (*See* ECF No. 62-1, *passim*.)

---

[3] It should be noted that although respondent and his expert proposed that the condition may have relevance, petitioner contended that his genetic testing only showed him to be susceptible to the condition and that the condition never actually did manifest in petitioner.  Ultimately, the decision does not definitively resolve whether petitioner actually suffers the condition.

To the extent petitioner requests redaction of his and his wife's names to protect their respective identities, he has failed to articulate why such protection is necessary. Petitioner's identity does not in itself constitute the type of medical information that may be redacted pursuant to Vaccine Rule 18(b).  (In fact, petitioner's wife has not even had any of her own medical information disclosed.)  Moreover, as respondent explains, petitioner knowingly placed his health at issue by bringing this petition and knew or should have known that resolution of his claim was likely to result in disclosure of at least some medical information.  Thus, the fact that his identity is linked to a decision discussing the merits of this case does not justify redaction without more.  However, there is no suggestion in petitioner's motion that the type of condition alleged – a left shoulder injury – is sensitive as a general matter or that petitioner's own circumstances would render it a sensitive issue for him personally. Moreover, respondent is correct to observe that the Court has some interest in maintaining unredacted case captions.

Of course, petitioner has also raised the issue that the decision dismissing this case discussed a genetic condition.  Again, however, petitioner provides no further explanation seeking to justify how disclosure of this condition constitutes a "clearly unwarranted invasion of privacy." 42 U.S.C. § 300aa-12(d)(4)(B); Vaccine Rule 18(b). The fact that the condition petitioner wishes concealed is genetic is not in itself meaningful.  The prior *Langland* case is persuasive in describing the type of condition that might be redacted as involving, for example, "sexual misconduct or dysfunction, family medical history not pertinent to the vaccinee's claim, unrelated mental illness, or medical conditions inherently likely to bring opprobrium upon the sufferer." *Langland*, 2011 WL 802695, at *9.  Without treating this as an exhaustive list, these are examples of conditions that have socially sensitive implications (*e.g.* sexual or mental health) and/or are incidental to the decision issued.

Here, however, the genetic condition at issue is a neuromuscular disorder that was affirmatively raised by the opining experts in assessing the root cause(s) of the shoulder condition that petitioner placed at issue in the case.  Without doubting that a neuromuscular condition can have a significant effect on a person's life, it is not inherently sensitive in the same manner as the conditions discussed in *Langland*, *i.e.* likely to bring embarrassment or opprobrium.  If the fact of petitioner's possible neuromuscular disorder alone sufficed to warrant redaction, then given the nature of proceedings in this program it seems likely that virtually every decision issued in this program would involve subject matter sensitive enough to be redacted.  That would not be consistent with the public disclosure interest that both *Langland* and *W.C.* identify. Petitioner's further concern regarding his children is also speculative as he has made no assertion that his children have actually inherited the condition at issue.

Additionally, petitioner's actual proposed redactions are extensive and would hinder the ability of subsequent readers to understand the decision.  Petitioner proposes substantial and substantive redactions in the following sections of the decision:  the recitation of petitioner's medical records, the description of respondent's expert's initial report, the description of petitioner's own expert's second report, the description of petitioner's own motion for a ruling on the record, and the description of respondent's

response to the motion.  As noted above, these requested redactions are not limited to references to the specific genetic condition, but also encompass requests to redact many references to spinal disc degeneration more broadly.  The fact that I found respondent's expert persuasive in opining that petitioner's shoulder condition was partly explained by his preexisting cervical spine degeneration was a factor in concluding petitioner had not preponderantly established the fourth SIRVA QIA criterion. Accordingly, if permitted, petitioner's proposed redactions would obscure the basis for respondent's expert's opinion, leaving it unclear why that opinion was ultimately persuasive.

Yet, despite being extensive, petitioner's proposed redactions are also incomplete. For example, petitioner requests multiple redactions from his medical history of MRI findings of spinal disc degeneration (*e.g.* ECF No. 61-1, pp. 11-12), but leaves largely intact a complete paragraph within the undersigned's analysis discussing why respondent's expert was persuasive in opining that petitioner's condition is due to significant cervical spine degeneration (*Id*. at 32-33).  Thus, in order to actually effectuate a redaction of all references to degenerative findings, a substantial portion of the undersigned's analysis would also need to be excised beyond what has been specifically requested.  Otherwise, the analysis would still reveal the presence of a degenerative spinal condition even if the specific redactions proposed were permitted. Because petitioner has not articulated any underlying explanation for his requested redactions, it is difficult to understand how the requested redactions within the medical history could be protective of petitioner's privacy while the decision still reveals the fact of spinal degeneration in the analysis.  This leaves only two possibilities, either the requested redactions will be ineffective relative to spinal degeneration or they are overbroad relative to identification of the specific the genetic condition.  Neither explanation is favorable to petitioner's motion.

## IV.    Conclusion

There can be no question that publication of the decision at issue constitutes some intrusion into petitioner's privacy.  The question to be resolved, however, is whether that necessary intrusion is "clearly unwarranted."  In that regard, petitioner's spartan motion has completely failed to provide any reasonable justification for redaction consistent with the above-discussed legal standard.  While I sympathize with petitioner's desire for privacy and do not doubt that he has personal reasons for preferring not to disclose his prior genetic testing, he has failed to substantiate that a balancing of the relevant considerations militates in favor of any redactions to the decision dismissing his petition.

In light of all of the above, petitioner's motion is **DENIED**.  Publication of the decision at issue will be held until the time for the filing of any motion for review has passed.

**IT IS SO ORDERED.**

**s/Daniel T. Horner**
Daniel T. Horner
Special Master
